PER CURIAM.
Newton H. DeBardeleben, Sr. (“the deceased”), died in 1979, survived by his wife, Betty Cahill DeBardeleben (“the widow”), and two adult children from a previous marriage, Catherine DeBardeleben and Newton DeBardeleben, Jr. (“the children”). Under “Item Six” of the deceased’s will, the children acquired a remainder interest in the deceased’s residence, subject to the widow’s right to maintain possession until the first of the following events occurred: her death, her remarriage, or her voluntary termination of possession. Item Six specifically provided, in part:
“My said wife shall have the right to use said home without rent and without bond, provided she shall keep the same adequately insured against loss or damage by fire or other hazards, shall pay all insurance premiums and all taxes and assessments, and shall maintain and keep the same in good condition and repair, normal wear and tear excepted.”
The widow, who had remained unmarried and in possession of the residence, sued the children in 1993, seeking a judgment declaring that the children were responsible for the cost of maintenance and repairs necessitated by normal wear and tear to the residence. The widow alleged that “gradually through the passage of time and as a result of normal wear and tear” the home had “badly deteriorated.” A report prepared by an engineer stated that the house was “in below average condition due to the lack of routine maintenance over an extended period of time.” The trial court entered a judgment for the widow, holding that the children were responsible under the deceased’s will for the cost of routine maintenance and repairs necessitated by normal wear and tear, and awarding $19,-375.55 in damages to cover the cost of repairs needed to restore the residence.
After carefully reviewing the record and the briefs, and after considering the respective arguments of the widow and the children — each side contending that under Item Six of the deceased’s will the other is financially responsible for maintaining and repairing the residence — we agree with the rationale of the trial court, as expressed in the following paragraphs of its judgment:
“Notwithstanding the conflicting interpretations argued by the Widow and the Children concerning the language of Item Six, the Court finds the language of the Will on its face is clear and unambiguous. The Widow’s obligation to repair and maintain in good condition, as affirmatively set forth in the Will, specifically excludes from that obligation any liability for the cost of repairs occasioned by ‘normal wear and tear.’ If a storm causes a tree to fall and damage the home, the Widow is obligated to repair damage from this hazard, and the Widow is obligated to keep insurance in place to assist her in this regard. But the Widow is exempted from maintenance and repairs caused by normal wear and tear. Such is an express limitation or exception to the Widow’s duty to maintain and repair imposed by Item Six of the Will.
[[Image here]]
“Reading the Will as a whole, the Court finds that the primary intent of the testator as set forth in Item Six was to give his Widow the right of possession of the home under certain conditions while giving title *924 to the home to the Children. Item Six of the Will details certain expenses which are taxed to the Widow as an incident of her right to possession (i.e., the cost of adequate [1]... insurance against loss or damage by fire or other hazards, ... and (the expense of) all taxes and assessments.... ’ As noted, the language of Item Six expressly excludes from the expenses to be paid by the Widow any repair or maintenance which arises from ‘normal wear and tear.’
“The Court holds, as to deterioration caused by the passage of time and/or arising from normal wear and tear, that the Widow has no obligation to pay the cost of maintenance or repair necessary to remedy such condition, the same being expressly excepted from her obligation under Item Six of the Will. Publishers Bldg. Co. v. Miller, 25 Wash.2d 927, 172 P.2d 489 (1946), and 51c C.J.S. Landlord and Tenant, Section 368(9), p. 968 [(1968)].
“The Children, who hold title to the home, next contend that nowhere in Item Six (or elsewhere in the Will) is there an express provision charging the Children with the cost of repairs. The Children contend that if the Widow is not required to pay the cost of maintenance and repairs arising from normal wear and tear, then no one is legally obligated to make such repairs. The Children’s position is that the home can simply be allowed to deteriorate, presumably until such time as the Widow’s right to possession ends and the right of possession vests in the Children no matter the condition of the home.
“The Court disagrees. The Children’s odd contention that ‘no one’ is obligated to make such repairs could and would obviously frustrate one of the testator’s primary intentions in Item Six, namely that the Widow have the right to use the home. If ‘no one’ is obligated to maintain or make repairs to the home arising from the passage of time and/or normal wear and tear, eventually the home would no longer be ‘habitable.’ The Widow could be divested of her right to the use of the home and this would improperly and prematurely terminate the Widow’s right of possession and would wrongfully accelerate the possessory rights, of the Children. If the Children are not legally bound, the only alternative is to require the Widow to pay the cost of maintenance repairs arising from ordinary wear and tear. Such result would be in direct violation of the express unambiguous provision of Item Six of the Will.
“It further would be unreasonable and inconceivable to assume that the testator would have intended that maintenance and repairs occasioned by normal wear and tear not be made to the home and that the home be allowed to fall to the ground. Since the Will expressly excludes the Widow from the obligation for maintenance and repairs arising from normal wear and tear, the Court concludes that such obligation is of necessity that of the Children, who hold title to the home. To the Court, such is but a part of the allocation of the expenses as between the party in possession and the owners of the home, the Children, analogous to a landlord/tenant relationship.”
The judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON, INGRAM, COOK and BUTTS, JJ., concur.
KENNEDY, J., dissents.

. It bears emphasis that the express language of the will does not place any duty on the children to maintain the house occupied by the widow. Rather the express language of the will places such a duty only on the widow.